**Ellen BLAIR, Plaintiff,**

v.

**UNITED STATES of America, Does I thru V, and Doe Corporations I thru V, Defendants.**

**Civ. No. R–75–195 BRT.**

United States District Court,
D. Nevada.

June 9, 1977.

Julian C. Smith, Jr., Ltd. by Samuel S. Wardle, Carson City, Nev., for plaintiff.

Lawrence J. Semenza, U.S. Atty. by Samuel Coon, Asst. U.S. Atty., Reno, Nev., for defendants.

## ORDER

BRUCE R. THOMPSON, District Judge.

Plaintiff instituted this wrongful death action against the United States under the

Federal Tort Claims Act after plaintiff's decedent drowned in a pool constructed by private persons on land under the care and operation of the Bureau of Land Management. Defendant has now filed a motion for summary judgment relying on the Nevada Sightseer Statute, NRS 41.510. It must therefore be determined if the Sightseer Statute precludes liability, for plaintiff may recover under the Federal Tort Claims Act only if she has a right of recovery under Nevada law.

The facts of the instant case, as gleaned from an uncontroverted record, indicate that plaintiff's decedent, an 11-year-old boy, traveled approximately 25 miles to use the facility. After swimming in the pool for a period of time, his body was thereafter found on the bottom of the pool, a victim of drowning.

NRS 41.510 provides as follows:

"1. An owner, lessee or occupant of premises owes no duty to keep the premises safe for entry or use by others for hunting, fishing, trapping, camping, hiking, sightseeing, or for any other recreational purposes, or to give warning of any hazardous condition, activity or use of any structure on such premises to persons entering for such purposes, except as provided in subsection 3 of this section.

"2. When an owner, lessee or occupant of premises gives permission to another to hunt, fish, trap, camp, hike, sightsee, or to participate in other recreational activities, upon such premises:

(a) He does not thereby extend any assurance that the premises are safe for such purpose, constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted, except as provided in subsection 3 of this section.

(b) Such person does not thereby acquire any property rights in or rights of easement to such premises.

"3. This section does not limit the liability which would otherwise exist for:

(a) Willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity.

(b) Injury suffered in any case where permission to hunt, fish, trap, camp, hike, sightsee, or to participate in other recreational activities, was granted for a consideration other than the consideration, if any, paid to the landowner by the state or any subdivision thereof.

(c) Injury caused by acts of persons to whom permission to hunt, fish, trap, camp, hike, sightsee, or to participate in other recreational activities was granted, to other persons as to whom the person granting permission, or the owner, lessee or occupant of the premises, owed a duty to keep the premises safe or to warn of danger.

"4. Nothing in this section creates a duty of care or ground of liability for injury to person or property."

It is clear that the plaintiff's decedent entered the land in question for recreational purposes. There is no evidence (a) of a willful or malicious failure to guard; (b) that any consideration was paid to use the premises; or (c) that the injury was caused by a third person to whom permission was granted to use the facility to a plaintiff that was owed a duty. Accordingly, by the terms of the statute, the defendant owed no duty to plaintiff or plaintiff's decedent.

Plaintiff attempts to avoid the operation of this statute by categorizing this action as one under the attractive nuisance doctrine. However, nothing in the statute itself indicates that a special duty owed to children cuts across its clear meaning. See *Heider v. Michigan Sugar Co.*, 375 Mich. 490, 134 N.W.2d 637 (1965).

Moreover, the attractive nuisance doctrine has apparently not been adopted in Nevada. *Kimberlin v. Lear*, 88 Nev. 492, 494, 500 P.2d 1022 (1972). Even where the doctrine is in force, "the mere presence of a body of water . . . is held by the great majority of the authorities not to be an attractive nuisance." *Orr Ditch Co. v. District Court*, 64 Nev. 138, 178 P.2d 558 (1947). In the instant case, the record re-

veals no evidence of a trap within the pool or other dangerous condition. Also, the pool is located in a desolate area some 19 miles from sparsely-populated Austin, Nevada. Inaccessibility of the location is an important factor in denying application of the doctrine. See *Phipps v. Mitze*, 116 Colo. 288, 180 P.2d 233 (1947).

It must be concluded that the defendant may not be held liable as a matter of law. Both the Nevada Sightseer Statute and the lack of an attractive nuisance serve to preclude recovery in this case.

Accordingly,

*IT HEREBY IS ORDERED* that the defendant's motion for summary judgment be, and it hereby is, granted.